POLSINELLI PC
Aaron P. Davis
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 803-9918
adavis@polsinelli.com

*Attorneys for Stormfield Capital Funding I, LLC*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>411 E FAIRVIEW LLC,<br><br>       Debtor. | Case No. 25-15158-MBK<br><br>Chapter 11 |

**STORMFIELD CAPITAL FUNDING I, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

  Creditor and party-in-interest Stormfield Capital Funding I, LLC ("**Lender**"), by and through its undersigned counsel, and pursuant to 11 U.S.C. §§ 362(d)(1) and (2), for its Motion for Relief from the Automatic Stay (the "**Motion**"), states as follows:

**PRELIMINARY STATEMENT**

  1. This is the quintessential case deserving of relief from the automatic stay. 411 E Fairview LLC ("**Debtor**") filed the present Chapter 11 petition and has left Lender entirely exposed without adequate protection. The value of the collateral does not exceed the value of Lender's secured claim. Further, Lender has paid over $45,000.00 to discharge liens and procure insurance for the Property. The matured indebtedness is due and owing. Further, no income is being derived from the vacant Property.

  2. In addition to the fact that Lender is not adequately protected, Debtor does not have any equity in the Property. As Lender's secure claim is for at least $368,131.19, as of October 28,

2024, which with post-judgment interest, places Lender's secured claim well above the stated value of the Property.  Further, Lender's claim is not the only claim in this case.  Debtor has listed one additional creditor whose claims must be accounted for.

3.  As Lender is not adequately protected and Debtor does not have any equity in the Property, Lender is entitled to relief from the automatic stay.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction to hear and determine this Motion pursuant to 28 U.S.C. § 157(a), (b)(1), and (b)(2)(A), (G), and (O).  This Motion is filed pursuant to 11 U.S.C. § 362(d).

5.  Venue is proper in this Court because, as detailed above and herein, Debtor filed the instant Bankruptcy Petition in this Court.

## THE LOAN TRANSACTION AND HISTORY

6.  On August 10, 2020, Lender and Debtor entered into a $245,000.00 commercial mortgage loan transaction (the "**Loan**").  *See* Declaration of Joseph Raya in Support of Motion for Relief from Stay ("**Raya Decl.**"), at ¶ 4.

7.  To evidence its repayment obligations under the Loan, Debtor executed and delivered to Lender that certain Promissory Note dated August 10, 2020, in the original principal amount of $245,000.00 (the "**Note**").  *See* Raya Decl., at ¶ 5.  Interest on the Note became due and owing on the date of the Note and then on October 1, 2020, and the first day of each subsequent month thereafter.  *See id.*, Ex. A thereto.  All principal, interest, and other fees due under the Note and the Loan Documents (defined below) were to become due and payable on July 1, 2021.  *See id.*, Ex. A thereto.  Under Section 1 of the Note, the regular interest rate under the Loan is (10.50%).  *See id.*, Ex. A thereto.

8. In order to secure its obligations owed under the Note, Borrower executed and delivered to Lender that certain Mortgage Deed and Security Agreement dated August 10, 2020 (the "**Mortgage**"), pursuant to which Borrower mortgaged to Lender certain real property known 411 East Fairview Avenue, South Plainfield, NJ 07080, and also known as Lot 23, Block 81 on the Tax Map of South Plainfield, and as more particularly described on Schedule A appended hereto and made a part hereof (the "**Property**"). *See* Raya Decl., at ¶ 6. The Mortgage was duly recorded with the Middlesex County Register on August 14, in Book 17983, Page 1160, bearing Instrument No. 2020073935. *See id.*, at ¶ 6.

9. The Mortgage includes a security agreement in favor of Original Lender creating a security interest in certain property (collectively, the "**Collateral**"), as more particularly described on pages 1-3 of the Mortgage. *See id.*, at ¶ 7, Ex. B thereto.

10. Lender is the holder of the Note and Mortgage. *See id.*, at ¶ 8.

11. Section 6 of the Note provides that if Borrower fails to make payment of any principal or other amounts due at the Maturity of the Loan, such failure shall constitute an Event of Default (as defined in the Note) thereunder. *See id.*, at ¶ 9, Ex. A thereto.

12. Section 5 of the Note further provides that if any payment due thereunder is not paid within ten (10) days from the date such payment is due, Borrower shall pay a later charge equal to five percent (5%) of any monthly installment not received. *See id.*, at ¶ 10.

13. Under Section 6 of the Note, upon the occurrence of a default under the Note, Lender is entitled to impose the default rate of interest on the outstanding principal balance owed on the Note, calculated at a rate equal to the lesser of the maximum rate permitted by applicable law or eighteen (18%) percent per annum above the interest rate (the "Default Rate"). *See id.*, at ¶ 11.

14.     Under Section 5 of the Note, Borrower is liable for all costs incurred for collecting, securing or attempting to collect or secure any amounts due under the Loan Documents, including reasonable attorneys' fees and other costs incurred by Lender together with interest thereon, and such sums are to be added to the amount due on the Loan Documents. *See id.*, at ¶ 12, Ex. A thereto.

15.     Pursuant to Sections 1.3 and 1.4 of the Mortgage, Borrower is obligated to pay when due all taxes, insurance and other impositions against the Property. And pursuant to Section 1.12 of the Mortgage, if Borrower fails to pay and of the proceeding charges or impositions, Plaintiff is entitled to pay same in order to protect its interest in the Property, and ultimately seek recovery of those amounts. *See id.*, at ¶ 13, Ex. B thereto.

16.     Debtor defaulted under the Note, the Mortgage, and the other Loan Documents as a result of Borrower's failure to pay the amounts due for January 2021, and each month thereafter, as well as Borrower's failure to pay the entire amount owed upon the Maturity Date. Despite written demands from both Plaintiff and it's counsel, the aforementioned defaults have not been cured. *See id.*, at ¶ 14.

17.     Pursuant to the terms of the Note and the Mortgage, Lender has the right, but not the obligation, to pay insurance premiums for coverage of the Property, to pay real estate taxes, and to make other advances to protect the security of the Mortgage, and any such sums advanced, together with interest, are to be added to the amount due on the Note. *See id.*, at ¶ 15.

## THE FORECLOSURE ACTION

18.     On September 21, 2022, Lender filed a Summons and Verified Complaint against Borrower for foreclosure of the Mortgage (the "**Foreclosure Action**").

19.     Debtor failed to respond to the Complaint.

20. On October 7, 2024, Lender filed a Motion for Final Judgment, which was granted by the Court on October 28, 2024 (the "**Judgment**").

21. Lender scheduled a foreclosure sale of the Property for May 14, 2025.

## THE INSTANT BANKRUPTCY

22. On May 14, 2025, *the same day as the scheduled foreclosure* **sale**, Debtor filed the instant petition for relief under Chapter 11 of the Bankruptcy Code (the "**Petition**"). [Dkt. 1].

23. The Petition lists Lender and Pro Cap 8 FBO FirstTrust, as the only creditors.

## LEGAL ARGUMENT

**I.    Lender is Entitled to Relief from the Automatic Stay because Lender is not Adequately Protected**

24. Section 362(d)(1) of the Code provides:

> On request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

25. Cause is not defined in the Bankruptcy Code but includes lack of adequate protection. *See In re Rosen*, 208 B.R. 345, 356 (D.N.J. 1997). "One basis for cause may be where a secured creditor lacks adequate protection because there is a threat the value of the property may decline." *Id.* "A basis for finding lack of adequate protection may arise from the threat of decline due to the failure to maintain property insurance of the failure to provide for real property taxes." *Id.*

26. The Third Circuit has explained that "in determining whether a secured creditor's interest is adequately protected, most courts engage in an analysis of the property's 'equity cushion'–the value of the property after deducting the claim of the creditor seeking relief

from the automatic stay and all senior claims." *Nantucket Investors II v. California Fed. Bank (In re Indian Palms Assocs.),* 61 F.3d 197, 207 (3d Cir.1995). "The existence of equity above the secured party's interest which provides an equity cushion to the secured party may, in a given case, provide adequate protection." *In re Dunes Casino Hotel*, 69 B.R. 784, 794 (Bankr. D.N.J. 1986). "Equity cushion has been defined as the value of the property above the amount owed to the creditor with a secured claim, that will shield the interest from loss due to any decrease in the value of the property during the time the automatic stay remains in effect." *Id.*

27. In the present case, no such "equity cushion" exists.

28. Debtor has listed the value of the Property at $340,000.00. *See* Dkt. 1. However, Lender has a final judgment against the Debtor with respect to the Property for $368,131.19 as of October 28, 2024, which amount has increased since then due to post-judgment interest. *See* Raya Decl., at ¶ 20, Ex. C thereto. Hence, Debtor has no equity in the Property, and there is certainly no equity cushion.

29. As the Court in *In re Mo*, 650 B.R. 193 (Bankr. D.N.J. 2023) explained, a lender is not being adequately protected where "there is little to no equity in the Property, and the Debtor is not paying anything…. (and has not for years), while interest and taxes accrue…"

30. In the present case, Lender has already made payment in the amount of to (1) satisfy a tax lien on the Property, (2) satisfy a sewer charge lien on the Property; and (3) to satisfy a maintenance charge lien on the Property. *See* Raya Decl., at ¶ 16.

31. Further, Lender has force placed insurance on the Property in the amount of $6,286.50. *Id.* at ¶ 16.

32. The entire principal indebtedness is currently due. *See id.*, at ¶ 14.

33. And lastly, no income is being derived from the vacant property. *See id.* at ¶¶ 17-18.

34. As such, in the absence of adequate protection payments from Debtor, the automatic stay should be lifted.

## II. Lender is Entitled to Relief from the Automatic Stay because Debtor has No Equity in the Property

35. Section 362(d)(2) of the Code states:

    a. (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

        i. (2) with respect to a stay of an act against property under subsection (a) of this section if the debtor does not have an equity in such property and such property is not necessary to an effective reorganization.

36. The total amount due and owing to Lender as of October 28, 2024, is $368,131.19, which amount has increased since then due to post-judgment interest.

37. The Petition lists the value of the Property at $340,000.00.

38. Further, the Petition lists multiple creditors in addition to Lender.

39. Considering the stated value of the Property is less than Lender's secure claim, and there are additional creditors, it is clear that the Debtor does not have equity in the Property.

40. The burden then typically shifts to the Debtor to demonstrate the Property is necessary to an effective reorganization.

41. In order to satisfy this requirement, the debtor must show that there is "a reasonable possibility of a successful reorganization within a reasonable time." *Timbers*, 484 U.S. at 376, 108 S.Ct. at 633 (citation omitted). As the Third Circuit in *Route 37* observed, "while 'a lift stay hearing should not be transformed into a confirmation hearing,' '[t]he effective reorganization requirement enunciated by the Supreme Court ... require[s] a showing by a debtor ... that a proposed or

contemplated plan is not patently unconfirmable and has a realistic chance of being confirmed.'" *Route 37*, 987 F.2d at 157 (quoting *In re 266 Washington Associates*, 141 B.R. 275, 281 (Bankr.E.D.N.Y.1992), aff'd, 147 B.R. 827 (E.D.N.Y.1992)). Thus, a creditor is entitled to "relief from the automatic stay if there is no reasonable likelihood of reorganization due to creditor dissent or feasibility considerations." 2 Collier on Bankruptcy, ¶ 362.07 at 362–62.

42. Here, Lender is entitled to relief from the automatic stay under Code § 362(d)(2) because, as explained above, the Debtor does not have any equity in the Property, and because the Property is not necessary to an effective reorganization (because there is nothing to reorganize).

43. The Property is not necessary for an effective reorganization because the Debtor has no reasonable prospect of a successful reorganization. The Property is vacant. Debtor has no revenue, and no prospect for obtaining revenue. *See* Raya Decl. at ¶¶ 17-18.

## CONCLUSION

44. There is no question that Debtor lacks equity in the Property and that Lender's interests in the Property are not adequately protected, as the Loan has been in default for over four years and Lender has been forced to maintain the Property through the payment of liens and insurance. Lender is entitled to relief from the automatic stay so that it may finally complete the foreclosure sale of the Property. Lender respectfully requests the Court grant its Motion in its entirety, together with such other and further relief as the Court deems just and proper.

Dated: July 2, 2025

                                        Respectfully submitted,

                                      POLSINELLI PC

                                      By: */s/ Aaron P. Davis*
                                            Aaron P. Davis

600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 803-9918
adavis@polsinelli.com

*Attorneys for Lender*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of July, 2025, a true and correct copy of the foregoing *Stormfield Capital Funding I, LLC's Motion for Relief from the Automatic Stay* was filed with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to Debtor's counsel, the United States Trustee, and the interested parties who have requested ECF notification from the court in this case.

/s/ Aaron P. Davis

104226152